**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 96-40374
Summary Calender

LIFE INSURANCE COMPANY OF NORTH AMERICA,
Plaintiff

VERSUS

DEBRA MAY GIPSON WALDROP, ET AL,
Defendants

DEBRA MAY GIPSON WALDROP,
Defendant-Appellant

VERSUS

WARD H. THOMAS, JR., AS GUARDIAN AD LITEM FOR
JENNIFER HOHLE, A MINOR, AND BRANDON HOHLE, A MINOR,
Appellee

Appeal from the United States District Court
for the Southern District of Texas
(C-94-CV-308)
October 22, 1996

Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[1]

Debra Mae Hoyle, previously known as Debra May Gipson Waldrop,

appeals the district court's refusal to allow her to take

---

[1]Pursuant to Local Rule 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

possession of life insurance proceeds as trustee for her children Jennifer and Brandon Hohle. We affirm.

Pursuant to a divorce decree, Rodney Hohle, the ex-husband of Debra Mae Hohle, maintained a life insurance policy apparently meant to provide for their two children. Rodney Hohle died in 1993. The divorce decree named Debra Hohle "beneficiary as trustee" of the proceeds, while the insurance enrollment card named Debra as "beneficiary and trustee for benefit of Jennifer and Brandon Hohle." Plaintiff Life Insurance Company of North America ("LINA") brought this interpleader action because of the discrepancy in language between the decree and insurance card to clarify the rights of the potential claimants. The district court granted the interpleader, and LINA deposited $200,000 in proceeds with the court.

When LINA brought suit, Debra claimed an interest in the proceeds in her individual capacity. For that reason, she asked the court in her counterclaim and cross claim to appoint a Guardian Ad Litem for her children. Several pleadings reiterate that Debra sought the proceeds for herself, and that a conflict might exist between her interests and those of her children.

Debra moved for summary judgment that she take the insurance proceeds as trustee for her children. When she so moved, Debra submitted an affidavit stating she no longer sought the proceeds in her individual capacity, but only as trustee for her children.

The district court denied the motion, stating that since Debra

2

had previously asserted an interest in the proceeds in her *individual* capacity, she thereby repudiated her trust relation to the $200,000. We agree. "[A] person who sues to recover property for his own right repudiates a trust relation to such property." Brault v. Bigham, 493 S.W.2d 576, 579 (Tex.Civ.App. 1973). As Debra had previously demonstrated interests adverse to those of her children, she could no longer properly act in a fiduciary capacity.

Debra's second point of error is that the district court erred in not allocating a portion of the proceeds to Debra's control as trustee for her children. We disagree. Since Debra forfeited her right to act as trustee, she was not entitled to control over any portion of the $200,000 proceeds.

Debra next argues the form of the trust was improper under § 142.005, Texas Property Code. § 142.005 (b)(2) states the trustee may in his sole discretion distribute amounts for the necessary "health, education, support, or maintenance of the beneficiary." Article IV, Paragraph 2 of the trust permits discretionary distributions. That section instructs the trustee on what to consider if making distributions: the beneficiary's standard of living, his known resources, the ability of the person legally obligated to support the beneficiary, and the ability of the beneficiary to earn income (except while obtaining education).

Debra claims the language in the trust instructing the trustee to consider the ability of the person legally obligated to support

3

the beneficiary before making distributions could be interpreted to require her to work. She claims the trustee could reduce discretionary distributions to force her to work longer hours or two jobs, and that this paragraph constituted an impermissible limitation on trust distributions. This argument is without merit. There is no impermissible limitation on trust distributions because the trust provides only for *discretionary* distributions. Debra is not entitled to *any* distribution.

Debra then alleges that Code section violates both the U.S. and Texas Constitutions by denying equal protection and equal rights to trust recipients. We see no constitutional problems with the statute.

Debra next contends the guardian ad litem should not have continued in the case after she disclaimed her interest in the proceeds by affidavit. Since we find Debra was not entitled to act as trustee, it was proper for the guardian ad litem to remain in the case.

Debra's final contention is that the attorneys' fees for the guardian ad litem approved by the district court were unreasonable and should not have been paid out of the proceeds. We find no impropriety in the guardian's fees, and agree with the district court that the fees were appropriate.

AFFIRMED.

4